UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GARY ALLEN FENN and KATHIE Y.
FENN,

        Plaintiffs,

v.                         Case No:  2:15-cv-668-FtM-38CM

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

        Defendant.
_____/

## ORDER[1]

     This matter comes before the Court on Plaintiffs Gary Allen Fenn and Kathie Y. Fenn's Motion for Remand and Award for Costs, Including Attorney's Fees (Doc. #19) filed on November 23, 2015.  Defendant State Farm Mutual Automobile Insurance Company filed its Response to Plaintiffs' Motion for Remand (Doc. #20) on December 7, 2015.  The Motion is now ripe for the Court's review.

### BACKGROUND

     On June 10, 2011, a motor vehicle collision with a negligent uninsured motorist caused Plaintiff Gary Allen Fenn serious injuries.  (Doc. #19 at ¶ 1).  Five months later, Plaintiffs filed the suit against Defendant to obtain payment for their insurance benefits. (Doc. #19 at ¶ 4).  That underlying suit ultimately concluded by arbitration and resulted in

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

an Arbitrator's Award in favor of Plaintiffs for $815,171.91.  (Doc. #19 at ¶ 5).  This award

was then reduced to a final judgment in favor of Plaintiffs.  (Doc. #19 at ¶ 5).  Thereafter,

Defendant paid its $375,000 UM policy limits in January 2013, leaving a balance

of$440,171.91, excluding interest.   (Doc. #19 at ¶ 6).

On June 4, 2015, Plaintiffs filed this action against Defendant in the Circuit Court

of the Twentieth Judicial Circuit in and for Lee County, Florida.  (Doc. #2).  Plaintiffs allege

that Defendant acted in bad faith when it failed to tender the balance of the final judgment

to them.  (Doc. #2 at ¶¶ 29-33).  On October 28, 2015, Defendant removed this case to

this Court.  (Doc. #1).  Plaintiffs, in response, move to remand on the ground that

Defendant did not timely file the Notice of Removal.  (Doc. #19).

## LEGAL STANDARD

Under 28 U.S.C. § 1446, a defendant may remove a case to federal court.  The

defendant must file a notice of removal in a civil action "within 30 days after the receipt

by the defendant, through service or otherwise, of a copy of the initial pleading setting

forth the claim for relief upon which such action or proceeding is based."  Id. § 1446(b).

Should the case be removed, the plaintiff may make a motion to remand "on the basis of

any defect other than lack of subject matter jurisdiction" within 30 days after the filing of

the notice of removal.  Id. § 1447(c).  The plaintiff has a thirty-day window "to challenge

the propriety of the removal itself, whether that challenge be on the basis of a procedural

defect or a lack of subject matter jurisdiction."  Lowery v. Ala. Power Co., 483 F.3d 1184,

1213 n.64 (11th Cir. 2007) (citations omitted).   Any uncertainty regarding removal

jurisdiction should be resolved in favor of remand.  See Russell Corp. v. Am. Home Assur.

*Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)).

## DISCUSSION

In Plaintiffs' Motion to Remand, they contend that Defendant failed to remove the instant action within the requisite 30-day deadline. (Doc. #19 at 7). Plaintiffs also demand attorneys' fees for the costs and expenses incurred because of the improper removal. (Doc. #19 at 12). In response, Defendant contends Plaintiffs never explicitly alleged an amount in controversy in the Complaint. (Doc. #20 at 2). Defendant further asserts that once it was able to ascertain the amount in controversy exceeded $75,000, it removed this action to this Court. (Doc. #20 at 2). The Court will address each issue in turn.

### A.  Improper Removal

Absent a specific amount of damages listed in the complaint, removal from state court remains jurisdictionally proper "if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (citing *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)). A complaint seeking indeterminate damages sometimes confuses two separate and independent issues (1) whether removal is jurisdictionally proper; and (2) whether removal is timely. *See Garcia v. Wal-Mart Stores E., L.P.*, No. 6:14-CV-255-Orl-36TBS, 2014 WL 1333208, at *3 (M.D. Fla. Apr. 3, 2014) (citing *Pretka*, 608 F.3d at 751). The issue of timely removal does not address the question of whether the case originally could have been brought in federal court; instead, timely removal addresses a procedural defect. *See id.* (citing *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1297 (11th Cir. 2009)).

Upon review, the Court first notes that it is facially apparent from the Complaint that the amount in controversy exceeded $75,000.  (Doc. #2).  Although the Complaint contends the amount in damages exceeds $15,000, which is the state court jurisdictional threshold, it lists the arbitration amount of $815,171.91 awarded to Plaintiffs.  (Doc. #2 at ¶ 25).  This latter figure clearly exceeds the federal jurisdictional threshold required to satisfy the amount in controversy.  Given the diverse parties and the satisfaction of the amount in controversy, Defendant possessed the ability to remove the instant case within 30 days from when it was served the Complaint.  Since Defendant failed to remove the case in a timely manner, the Court will remand the instant case to state court.

**B.  Attorney's Fees, Costs & Expenses**

Next, 28 U.S.C. § 1447(c) provides, in pertinent part, that a remand order "may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal."  It is in the court's discretion to determine whether to award such costs and fees.  *See Tran v. Waste Mgmt., Inc.*, 290 F. Supp. 2d 1286, 1295 (M.D. Fla. 2003).  "The intent of the statute is to reimburse plaintiffs who have incurred expenses in attacking improper removals."  *Liebig v. DeJoy*, 814 F. Supp. 1074, 1077 (M.D. Fla. 1993).

Here, the Court declines to award Plaintiffs attorney's fees and costs for an improper removal caused by a procedural defect.  *See Tran*, 290 F. Supp. 2d at 1295 (granting attorney's fees where Defendant failed to show fraudulent joinder); *see also Liebig*, 814 F. Supp. at 1077 (granting attorney's fees where notice was both untimely *and* improper because the federal court *lacked subject matter jurisdiction*) (emphasis added).

Accordingly, it is now

**ORDERED:**

Plaintiffs Gary Allen Fenn and Kathie Y. Fenn's Motion for Remand and Award for Costs, Including Attorney's Fees (Doc. #19) is **GRANTED in part and DENIED in part** as follows:

(1) Plaintiffs Gary Allen Fenn and Kathie Y. Fenn's Motion for Remand is **GRANTED**. This case is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida.

(2) Plaintiffs Gary Allen Fenn and Kathie Y. Fenn's request for attorney's fees is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 11th day of January, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record