UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GARY ALLEN FENN and KATHIE
Y. FENN,

       Plaintiffs,

v.                                       Case No:   2:15-cv-668-FtM-38CM

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

       Defendant.
                                   /

### **ORDER**[1]

This matter comes before the Court on Plaintiffs Gary Allen Fenn and Kathie Y. Fenn's Motion for Rule 11 Costs, Fees, and Sanctions (Doc. #21) filed on December 18, 2015. Defendant State Farm Mutual Automobile Insurance Company filed its Response to Plaintiffs' Motion for Rule 11 Costs, Fees, and Sanctions (Doc. #22) on January 4, 2016. This motion is now ripe for the Court's review.

Rule 11(c) of the Federal Rules of Civil Procedure provides for sanctions if "unnecessary delay" is caused by a party during litigation. Fed. R. Civ. P. 11. "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2).

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Here, Plaintiffs move for Rule 11 costs, fees, and sanctions, arguing Defendant's Notice of Removal was neither supported by the material facts necessary to remove the case nor 2) the application of then-existing law to the material facts. (Doc. #21 at 1). Plaintiffs further contend that Defendant filed the Notice of Removal for the purpose of unreasonable delay. (Doc. #21 at 1). In response, Defendant contends it removed the instant action in good faith based on a reasonable interpretation of existing law. (Doc. #22 at 1-2).

It is well settled that a defendant must file the notice of removal in a civil action "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). Should the case be removed, the plaintiff may then make a motion to remand "on the basis of any defect other than lack of subject matter jurisdiction" within 30 days after the filing of the notice of removal. 28 U.S.C. § 1447(c).

Here, Plaintiffs served Defendant with a Complaint on June 9, 2015. (Doc. #1 at ¶ 2). On October 28, 2015, Defendant filed for Notice of Removal. (Doc. #1). Plaintiffs subsequently filed a motion to remand contending that the thirty-day removal period had expired. This Court recognized Defendant's untimely removal and remanded the action to state court. (Doc. #26).

Plaintiffs cite to *Kountze v. Kountze*, No. 2:12-cv-308-FtM-29DNF, 2012 WL 3538717 (M.D. Fla. Aug. 14, 2012) to support their request for costs, fees, and sanctions. In *Kountze*, this Court found it appropriate to award sanctions when the notice of removal was filed long after a one-year period. *See Kountze*, 2012 WL 3538717, at *1. Such is not the case here. Defendant untimely filed for removal about four months later, a period

2

that is not close in proximity to one year.  Defendant contended it removed the case once it was sure the amount in controversy exceeded $75,000.  (Doc. #20 at 2; Doc. #22 at 2).  As stated above, the Court promptly remedied the issue of removal between the parties and remanded the case to state court to carry forth proceedings.  (Doc. #26).  Although the Court understands Plaintiffs' concern for delay, it can discern no purposeful, unreasonable delay on Defendant's part to award costs, fees, and sanctions against Defendant as so requested.

Accordingly, it is now

**ORDERED:**

Plaintiffs Gary Allen Fenn and Kathie Y. Fenn's Motion for Rule 11 Costs, Fees, and Sanctions (Doc. #21) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 11th day of January, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record